UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| STEPHEN RUFUS,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFICORP dba ROCKY MOUNTAIN POWER and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 57,<br><br>    Defendants. | **ORDER DENYING MOTION TO RECONSIDER (DOC. NO. 49)**<br><br>Case No. 2:19-cv-00377-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is a Motion to Reconsider (Doc. No. 49) filed pro se by Plaintiff Stephen Rufus, seeking reconsideration of the court's order granting summary judgment in favor of Defendants (Doc. No. 43). For the reasons explained below, the motion is DENIED.

Motions to reconsider are disfavored, to the extent they are recognized at all. *Swasey v. West Valley City*, No. 2:13-cv-00768, 2017 U.S. Dist. LEXIS 53187, at *6 (D. Utah Apr. 6, 2017) (unpublished); *see also Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007) ("[T]he Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider.'"). However, a court has the power to reconsider its orders and it is appropriate to do so where "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Importantly, motions to reconsider are improper when used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Mr. Rufus requests consideration of certain evidence which he contends supports his claims against Defendants, including a deposition exhibit and collective bargaining agreement. Defendant International Brotherhood of Electrical Workers, Local Union No. 57 opposes the motion, arguing it should be considered a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 50.)

Regardless of whether Mr. Rufus' motion is construed as motion to reconsider or a motion to amend or alter judgment under Rule 59(e), it fails. The court addressed the collective bargaining agreement in its summary judgment order, and Mr. Rufus has not explained why the deposition exhibit could not have been submitted with his summary judgment briefing. *See Servants of the Paraclete*, 204 F.3d at 1012 (noting new arguments and facts available at the time of the original motion cannot be raised in motions to reconsider, and motions to alter or amend the judgment must be grounded on new evidence which was previously unavailable). The other factual allegations and arguments in Mr. Rufus' motion were likewise either previously addressed or could have been raised in his prior briefing. Mr. Rufus has not shown the court misapprehended the facts, Mr. Rufus' position, or the controlling law in its summary judgment order. *See id.* And Mr. Rufus' motion fails to meet either of the other standards justifying a motion to alter or amend (such as an intervening change in the controlling law or the need to correct clear error or prevent manifest injustice). *See id.*

For these reasons, Mr. Rufus' motion to reconsider is DENIED.

DATED this 8th day of July, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge