UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| STEPHEN RUFUS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PACIFICORP dba ROCKY MOUNTAIN POWER and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 57,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR REVIEW OF TAXATION OF COSTS (DOC. NO. 55)**<br><br>Case No. 2:19-cv-00377-DAO<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Following entry of summary judgment in favor of Defendants on Plaintiff Stephen Rufus' claims, Defendant International Brotherhood of Electrical Workers, Local Union No. 57 ("IBEW") timely filed a bill of costs, seeking taxation of costs for deposition transcript fees. (Bill of Costs, Doc. No. 46.) On July 7, 2021, while the bill of costs was pending, Mr. Rufus' counsel withdrew from the case. (Order Granting Mot. to Withdraw as Counsel, Doc. No. 52.) Two months later, on September 9, 2021, the clerk entered a taxation of costs in the amount requested. (Taxation of Costs, Doc. No. 54.) On October 20, 2021, Mr. Rufus, now proceeding pro se, moved for review of the clerk's taxation of costs. (Mot. for Review, Doc. No. 55.) For the reasons explained below, the court denies the motion.

　　　　Rule 54 of the Federal Rules of Civil Procedure provides:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). Section 1920 of Title 28 of the United States Code allows fees for

1

transcripts to be taxed as costs if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Deposition transcript fees are taxable as costs under this provision. *See Zimmerman v. Univ. of Utah*, No. 2:13-cv-01131, 2019 U.S. Dist. LEXIS 71219, at *13–15 (D. Utah Apr. 25, 2019) (unpublished). "Whether or not a prevailing party shall be awarded costs is within the court's sound discretion." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (internal quotation marks omitted). "Nevertheless, Rule 54 creates a presumption that the district court will award the prevailing party costs," and "[t]he burden is on the non-prevailing party to overcome this presumption." *Id.*

In his motion for review, Mr. Rufus asserts he never received IBEW's bill of costs, explaining that his attorney "is no longer practicing law in Utah and has filed with the court and removed himself from the case." (Mot. for Review, Doc. No. 55.) He states he "is not in a position to be paying for the union's court cost after paying my own legal fees and court cost[s] for two years," while IBEW "has over 4.2 million dollars of member's due[s] sitting in a bank account." (*Id.*) He also argues he was not given due process or his "day in court" because he "was in a Zoom meeting unable to talk with my lawyer or bring up points myself during summary judg[]ment." (*Id.*) He asks the court to order IBEW to pay its own court filing fees.[1] (*Id.*)

As an initial matter, Mr. Rufus' motion for review is untimely under Rule 54. Even if he did not receive the bill of costs, which was filed before his attorney withdrew, the clerk's taxation of costs was entered two months after his attorney withdrew. He does not claim he never received the taxation of costs, and his attorney's withdrawal two months previously does

---

[1] The taxation of costs did not include IBEW's filing fees, but the court interprets Mr. Rufus' motion as a challenge to the taxation of costs for deposition fees.

2

not explain his failure to timely file a motion for review.

Even considering Mr. Rufus' motion on the merits, Mr. Rufus has not met his burden to overcome the presumption in favor of awarding costs. As the Tenth Circuit has acknowledged, other circuits have found the non-prevailing party's indigence to be a permissible consideration in a district court's decision to deny costs to the prevailing party. *Rodriguez*, 360 F.3d at 1190. But even then, "there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Id.* Further, the party asserting indigence must provide the court with sufficient documentation to support a finding that the party is unable to pay the court-imposed costs. *James v. Frank's Westates Servs.*, No. 2:07-cv-00937, 2011 U.S. Dist. LEXIS 127799, at *6 (D. Utah Nov. 4, 2011) (unpublished). Here, Mr. Rufus has not provided any documentation supporting his assertion that he cannot pay IBEW's costs, nor has he offered any reason why IBEW should be penalized. The fact that he was unable to speak with his attorney during the summary judgment hearing is no basis to penalize IBEW by denying costs. And Mr. Rufus does not present any other reason to deny or reduce the award of costs to IBEW.

For these reasons, Mr. Rufus' motion for review is DENIED.

DATED this 25th day of October, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge